# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ROBERT L. WYMORE | CIVIL ACTION |
| VERSUS | NO. 12-810 |
| WARDEN JERRY GOODWIN | SECTION "N"(4) |

## TRANSFER ORDER

Petitioner, ROBERT L. WYMORE, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which he is challenging the constitutionality of his 1979 state court conviction and sentence. To support his challenge, petitioner asserts the following grounds for relief:

1) His prior convictions in the state of Kansas were unconstitutional and should not have been used to enhance his current sentence; and

2) The trial court failed to investigate or hold an evidentiary hearing to explore the validity of the prior guilty plea convictions before using them to enhance petitioner's sentence.

A review of this Court's records reflects that petitioner filed a prior petition for writ of habeas corpus related to this same conviction and sentence entitled Robert L. Wymore v. John P. Whitley, Civil Action 92-2709 "K"(4). In that petition, petitioner alleged as grounds for relief that during a hearing to suppress his confession he was forced to testify over his objections to prior convictions to prove that he was familiar with "the system," and that the testimony was later used to lay the

foundation for his adjudication as an habitual offender. That petition was dismissed with prejudice as an abuse of the writ by Judgment entered April 10, 1995. Petitioner did not appeal the judgment.

Petitioner filed his first application for habeas corpus relief in 1981. Robert L. Wymore v. Warden Frank Blackburn, Civil Action 81-0834 "L"(4). In that petition, he alleged that his conviction violated due process because he was convicted by a six man jury rather than a twelve man jury as required under Louisiana law. He also alleged that his conviction was unconstitutional since the trial judge failed to charge the six man jury that a conviction required a unanimous vote. The petition was dismissed with prejudice on the merits by Judgment entered on September 8, 1981. On June 21, 1982, the Fifth Circuit Court of Appeals affirmed. Robert Lee Wymore v. Ross Maggio, Jr., Warden, No. 81-3780, slip op. (5th Cir. June 21, 1982).

The petition presently before the Court is considered to be a second or successive petition as described by 28 U.S.C. § 2244. In order to overcome the prohibition against the filing of a second or successive claim under that section, the petitioner must establish one of the following exceptions:

1) the claim relies on a new rule of law, made retroactive to cases on collateral review by the United States Supreme Court, that was previously unavailable; or

2) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence, and
(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for the constitutional error, no reasonable factfinder would have found the petitioner guilty of the underlying offense.

28 U.S.C. § 2244(b)(2)(A),(B).

Before the petition can be considered on the merits by this District Court, the petitioner must obtain authorization to file this second or successive petition from the United States Fifth Circuit Court of Appeals by making a prima facie showing of the above listed requirements to that appellate

2

court as required by 28 U.S.C. § 2244(b)(3)(A). Until such time as petitioner obtains said authorization, this Court is without jurisdiction to proceed. Accordingly,

**IT IS ORDERED** that ROBERT L. WYMORE's petition be construed in part as a motion for authorization for the District Court to consider the second or successive claims raised therein.

**IT IS FURTHER ORDERED** that the petition be and hereby is **TRANSFERRED** to the United States Fifth Circuit Court of Appeals under the authority of 28 U.S.C. § 1631 for that Court to determine whether petitioner is authorized under 28 U.S.C. § 2244(b) to file the instant habeas corpus petition in this District Court.

New Orleans, Louisiana, this 11th day of April, 2012.

_____
UNITED STATES DISTRICT JUDGE

3